JOANOS, Judge.
Appellant pled guilty in a juvenile proceeding. A disposition hearing was scheduled and the court ordered the Department of Juvenile Justice to prepare a predisposition report. In its report, the Department recommended that appellant be placed on community control. This court has previously ruled that community control is not a commitment restrictiveness level. See, e.g., L.R.J. v. State, 706 So.2d 72 (Fla. 1st DCA 1998).
The court indicated it intended to commit appellant to the Department, and again ordered the Department to provide a restrictiveness level recommendation. A Department representative appeared and indicated its position that once a recommendation had been made, the Department could not be required to go further; the Department did not recommend a commitment level and would not make such a recommendation. The defense argued that absent a restrictiveness level recommendation, the court had to impose community control. The court ruled that community control was not appropriate, and ordered moderate risk residential commitment.
Appellant contends the trial court erred in imposing commitment without a restrictiveness level recommendation from the Department, asserting the court should have threatened a contempt action or entered a writ of mandamus requiring the Department to make the recommendation. The state urges this court to reconsider its decision in S.R. v. State, 683 So.2d 576 (Fla. 1st DCA 1996), in which this court ruled that section 39.052(4)(e)2. “unequivocally requires the court to receive and consider a recommendation from the Department as to restrietiveness level before ordering a commitment,”[1] or certify a question, as this court has done in a number of cases. See, e.g., J.D.B. v. State, 23 Fla. Law Weekly D789 (Fla. 1st DCA March 24, 1998), and cases cited therein.
We decline to follow either appellant’s or the state’s view, for we find that the trial court has complied with S.R. and its progeny, as the trial court did seek a recommendation as to restrietiveness level from the Department before imposing commitment.
The trial court here imposed a moderate level commitment. Section 39.052(4)(e)3. requires the court to “state for the record the reasons why the court is disregarding the assessment of the child and the restrictiveness level recommended by the department.”[2] At the disposition hearing, the court indicated the reason for its decision was that appellant had committed an offense while on furlough from a previous low risk commitment. We believe this reason meets the statutory requirement to “establish by a *71 preponderance of the evidence why the court is disregarding the assessment of the child and the restrietiveness level recommended by the department.” Therefore, we AFFIRM.
BARFIELD, C.J., and KAHN, J., concur.

. We note that section 39.052 was repealed effective October 1, 1997. See chapter 97-238, § 116, Laws of Florida. The pertinent language now appears in section 985.23(3)(b), Fla. Slat. (1997).

. This language now appears in section 985.23(3)(c), Fla. Stat. (1997).